502

In Chancery.

Between.
{ *Anthony Beelin and Henry C. Bosler*
*complainants.*
*And*
*Abraham Edwards and Ruth his wife,*
*Abraham C Truax and Peter J Desnoyers* }

To the Honorable the Judges of the Supreme Court of the Territory of Michigan, Sitting in Chancery:

In pursuance of a decretal order of the Supreme Court of the Territory of Michigan, Sitting in Chancery, made in the above cause, bearing date the seventeenth day of January A D 1829, by which, among other things, it was ordered, adjudged and decreed, that all and singular the mortgaged premises, mentioned and described in the Complainants Bill of complaint in this cause, should be Sold at public Auction, by and under the direction of the undersigned one of the Masters of this honorable Court, on the third monday of July then next the Said Master giving three weeks previous notice in one of the newspapers published in Detroit in Said Territory. And it was further ordered and decreed, that the said Master should execute a good and sufficient deed or deeds of conveyance to the purchaser thereof; that he should first pay to the said Abraham C Truax the sum of eleven hundred and thirty eight dollars and ninety seven cents, and to the complainants the sum of Twenty four thousand nine hundred and seventy seven dollars and fifty cents, with the costs of suit, and that the residue of the monies, (if any there should be) remain with the Register of this court, subject to the order of the Court: And further, that the said Master make report of his procedings at the next term of this Court:

· I the subscriber, one of the Masters of this honorable Court, by virtue of, and pursuant to the Said order, do hereby report, that all And Singular the mortgaged premises, mentioned in the Complainants bill of complaint, and the order aforesaid, were on the       day of       A D 1829, by me duly advertised and noticed for Sale at public Auction, at the market house in the said City of Detroit for the 20th day of July A D 1829 at eleven O'clock forenoon of that day, that the Said notice contained a description of the said mortgaged premises, and was published three weeks successively, in the Detroit Gazette, published in Said City previous to the Sale of the Said mortgaged premises: And I do further report, that on the said 20th day of July, the day on which the premises were so advertised to be sold as aforesaid, I attended at the place of Sale, & that the said mortgaged premises were by me duly Sold, and fairly struck off to John Hendree for the Sum of two thousand, nine hundred and eighty six dollars, that being the highest Sum offered for the Same. And I do further certify and report that on the Said 20th day of July, I made and executed a deed of the Said premises so sold as aforesaid.

And I do further report, that the said John Hendree, to whom the premises were struck off, called on, and informed the undersigned, a short time after the Sale aforesaid, that he the said Hendree, after an examination of the title to the premises, was of the opinion that the undersigned could not make the deed contemplated

by the order and decree aforesaid, for certain reasons, which are particularly set forth in a certain letter addressed by the Said Hendree to the Undersigned, and which is made a part of this my report.

And I do further report, that the said Hendree refused to complete the Sale aforesaid, and still doth refuse, for the reasons set forth in the letter aforesaid, to which the undersigned begs leave to refer.

And for further report in this behalf, the undersigned states to the Court here, that the said John Hendree proposed to remain in and occupy the premises aforesaid, and render rent to the person legally entitled to the same, to which proposition the undersigned neither assented nor dissented, not knowing whether the powers of the undersigned were sufficiently extensive to warrant such a course, but informed said Hendree after consultation with the Solicitor for the complainant, (who did not, however, consent to the request) that he might remain in and occupy the premises with the understanding aforesaid.

And I do further report, that the deed so as aforesaid made to the said Hendree is herewith attached to this my report, and the undersigned prays the same may be made a part thereof.

<div style="text-align:center">

All which is respectfully Submitted.

CHA<sup>s</sup> W. WHIPPLE

Master in Chancery.

</div>

Detroit December 16th 1829.

<div style="text-align:center">

[*Attached to the foregoing*]

Detroit Nov<sup>b</sup> 3<sup>d</sup> 1829

</div>

Ch<sup>s</sup> W. Whipple, Esqr
  Master in Chancery.

Sir

On the 20th of July last, when I bid off the property which I then did, and still occupy, & which you sold by public auction, under a decree of the Court of Chancery in favour of Beelin & Bosler, I believed the title was clear, but within the time you granted to the purchaser to investigate the same I was apprised by notice from the counsel of M<sup>rs</sup> May, the widow of Judge James May, that she never had relinquished her dower, and would in proper time apply to have the same set off. Altho' that, would be sufficient to justify a non compliance with the terms of the sale, yet, that objection does not stand alone, there are other apparent defects in the title, how far they are valid I am not advised, but I am not aware that it is competent for any court to set aside claims, particularly when authoritive, and of record, where the parties are not legally before them, consequently the title you are authorised to convey is not such as was contemplated, agreeably with the language of the decree.

That the court may know my reason's for pursuing the course I have, I must request the favour of you to make this communication a part of your official report. I am most respectfully

<div style="text-align:center">

your obt Serv<sup>t</sup>